UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL SANCHEZ,

       Plaintiff,

v.                                                          CASE NO.: 8:11-cv-2265-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____/

**ORDER**

This cause is before the Court on Plaintiff's motion for remand under sentence six of 45 U.S.C. § 405(g) (doc. 25) and the Commissioner's response thereto (doc. 28). Plaintiff argues new and material evidence generated after the ALJ hearing establishes Plaintiff has exertional limitations, and therefore, this case should be reversed and remanded. The Commissioner argues there is no good cause for failing to previously file the new evidence and even if good cause did exist it is not material. For the reasons set forth below, I agree with the Commissioner.

On September 1, 2010, Plaintiff, who previously was found disabled, was found no longer disabled as of March 1, 2008, based upon his improved mental condition (R. 20-21).[1] Plaintiff's attorney requested review of this unfavorable decision on October 27, 2010; however, Plaintiff's counsel submitted no new evidence (R. 11-14). On August 17, 2011,

---

[1] The record may be found at doc. 15.

the Appeals Counsel ("AC") denied review (R. 6-7). Plaintiff's motion is based on the premise that the new evidence establishes Plaintiff's exertional limitations and would alter the administrative decision.

A remand under sentence six requires a plaintiff to prove: (1) new, noncumulative, evidence exists; (2) that evidence is "material", that is, the evidence is relevant and probative creating a reasonable possibility it would alter the administrative results; and (3) good cause exists for failing to previously submit the evidence at the administrative level. *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir. 1988); *see also* 42 U.S.C. §405(g). The good cause requirement is in place to discourage a claimant from withholding evidence "with the idea of 'obtaining another bite of the apple' if the [Commissioner] decides that the claimant is not disabled." *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir. 1987) (*citing Szubak v. Secretary of Health and Human Services*, 745 F.2d 831, 834 (3d Cir.1984).

The new evidence (doc. 25-1) totals 122 pages and establishes Plaintiff was involved in an automobile accident resulting in disc protrusion at several levels. However, Plaintiff's counsel admits he cannot explain why Plaintiff did not previously inform him of the medical evaluations and treatment reports as the new evidence predates the AC's decision (doc. 25 p.3). And while nonexistence of the evidence at the time of the administrative proceedings may constitute good cause, the bulk of the alleged new evidence already existed at the time of the proceedings. *See Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985) (citing e.g., *Burton v. Heckler*, 724 F.2d 1415, 1418 (9th Cir.1984)). Given the newly submitted evidence predates the AC's denial of review, in addition to the majority of the newly

submitted evidence already existing at the time of the ALJ's decision, Plaintiff's request lacks good cause. After all, good cause for failing to submit the new evidence during the pendency of the administrative proceedings could only be shown as to evidence which post-dates the AC's decision, which is not the case here. *Cannon*, 858 F.2d 1541 at 1546; *see also Nelson v. Astrue*, No. 8:09-cv-2583-T-TGW, 2001, WL 164538, at *6 (M.D. Fla. Jan 18, 2011) (finding no good cause in failure to submit treatment notes that did not post-date the AC's decision). Even assuming good cause were present, and it is not, the evidence is immaterial.

Evidence is material if there is a reasonable possibility that it will change the administrative result. *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir.1998). The Commissioner's decision that Plaintiff was no longer disabled relates to his improved mental condition (R. 20-21). The new evidence relates to an automobile accident on March 14, 2010, and exertional limitations. Turning a blind eye to the fact that the new evidence is wholly unrelated to the Commissioner's reasoning Plaintiff is now able bodied (improved mental condition), objective medical evidence conflicts with Plaintiff's alleged exertional limitations. For example, a December 2010 examination by Dr. Joseph reported Plaintiff was working "full duty" as a contractor (Doc. 25-1 p. 121) and Plaintiff's chiropractor, Dr. Ladanyi, reported Plaintiff "has been working through his pains" (doc. 25-1 p. 1). More importantly, neither doctor opines Plaintiff is disabled and Plaintiff reports performing heavy exercise and heavy labor on a daily basis (doc. 25-1 p. 35). Even assuming the evidence is material, which it is not, no reason has been given establishing good cause, let alone any

3

reason, for not filing the evidence prior to the Commissioner's decision. Accordingly, it is

ORDERED:

1. Plaintiff's motion for remand under sentence six of § 405(g) (doc. 25) is denied.

DONE AND ORDERED at Tampa, Florida on August 16, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record